# WILLIAM YOAKUM

*v.*

# MILTON B. HARRISON *et al.*    `

LIMITATIONS—*color of title.* A warranty deed purporting to convey the title to land, is good color of title under the seven years' limitation law, and if acquired in good faith, without actual knowledge of the lien of a prior judgment, and the grantee holds possession and pays all taxes on the land for seven years, this will constitute a bar to an action of ejectment by the party acquiring title subsequently under the judgment.

APPEAL from the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding.

On the 5th day of September, 1856, John Harrison, who was then the owner in fee simple, conveyed the lands in controversy to David Miller, and on the same day took from Miller to himself a mortgage on the same lands to secure $1200 of the purchase money. Afterwards, on the 10th day of October, 1859, plaintiff in this suit recovered a judgment in the circuit court of Menard county, where the lands are situated, against David Miller and others, for $165.90. Subsequently plaintiff

caused a third execution, issued on this judgment, to be levied upon these lands as the property of David Miller, and on the 8th day of December, 1860, the lands were sold under the execution to plaintiff. It appears, these lands were never redeemed from that sale. Because of some difficulty or irregularity in the papers, no deed from the sheriff was made to plaintiff for the lands, in pursuance of his certificate of purchase, until the 5th day of October, 1865.

On the 14th day of August, 1860, David Miller conveyed the lands by warranty deed to defendant Harrison, in consideration he would and did pay to John Harrison the balance due him on the mortgage; and on the same day John Harrison entered on the margin of the record of the mortgage, "Satisfied in full this 14th day of August, 1860." It is proven defendant obtained possession of these lands under the deed from Miller, has held possession ever since by his tenants, and has since paid all taxes assessed thereon.

Although defendant had constructive notice of the judgment against Miller in favor of plaintiff, and that it was a lien upon this property as well as other property of the execution debtor, he states, in his testimony, he had no actual notice, and there is nothing in the record that contradicts his testimony in that particular. Plaintiff never obtained possession of the lands, nor did he ever pay taxes on the same, but for one year, perhaps the year 1861. It was not until the 16th day of February, 1874, that plaintiff brought this suit in ejectment against Harrison and his tenant to recover possession of the lands. The court to whom the cause was submitted for trial, without the intervention of a jury, found defendant not guilty, and rendered judgment against plaintiff for costs. The cause is now to be heard in this court on plaintiff's appeal.

Messrs. DUMMER & BROWN, for the appellant.

Mr. N. W. BRANSON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

That the deed from Miller constituted color of title in defendant Harrison, is a proposition so plain it needs no discussion. It is a warranty deed, and purports, on its face, to convey the fee simple title of the property to him. Nor is there any reason to doubt that this color of title was acquired in good faith. When defendant purchased the lands, the execution issued on the judgment in favor of plaintiff, against Miller and others, had not then been levied upon them. Both previous executions had been levied on personal property belonging to some one of the execution debtors. Of course defendant was chargeable with constructive notice of the existence of the judgment, and that it was a lien for the statutory period on the lands he was buying, but there is nothing in the evidence that overcomes his positive denial he had actual notice. The good faith of the parties is most manifest from the fact that on the day of making the deed to defendant, John Harrison acknowledged the mortgage, which was a prior lien to plaintiff's judgment, " satisfied in full." Defendant was paying a large sum of money for the property, and had he had actual notice of plaintiff's judgment against Miller, it is hardly probable he would have had the mortgage, which was the prior lien and would have afforded him ample indemnity, satisfied on the record, as was done.

Proof was made defendant has been in the actual possession of these lands by himself and tenants, and under claim and color of title has paid all taxes assessed thereon for a period of near fourteen years before the bringing of this suit. As we have seen, the claim and color of title in defendant was acquired in good faith, and hence the bar under the Statute of Limitations was complete before suit was brought.

The judgment must be affirmed.

*Judgment affirmed.*